UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § | No.  1:22-CR-00192-LY |
| | § | |
| (1) MICHAEL ROBERTS, *Defendant* | § § § | |

ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, including that the crime involves multiple minor victims in a foreign country, and evidence that Defendant used violence against at least one of those victims;

- the weight of the evidence against the person, including, but not limited to, evidence from Defendant's cell phone that he solicited and paid for sexual encounters with multiple minor victims in Colombia; that he solicited and possessed child pornography; that he threatened at least one victim; that he encouraged multiple victims to misrepresent their relationship with him (including evidence that he instructed the victims not to tell law

1

enforcement that he paid them for their sexual encounters); and evidence (including his own admission) that he knew that the victims were underage when he solicited and paid them to have sex with him;

- the history and characteristics of the person, including his history of mental illness; his lack of consistent ties to the community (including evidence that Defendant lived in and traveled to multiple foreign countries in the years leading up to his arrest); evidence that he has the financial means to abscond; evidence of his regular online contact with individuals in multiple foreign countries; evidence of his recent expressed interest in obtaining employment outside the United States;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, including his willingness to use violence against his victims; his pattern of pursuing sexual encounters with minors and child pornography from victims using the internet (including evidence that he continued to do so even after suffering an almost fatal attack carried out by at least one of his victims); evidence that he solicited and paid victims as young as 12 years old to have sex with him; evidence of multiple instances of his expressing his desire to pay minor girls to have sex with him; evidence that he sought work and was employed as a teacher in schools with students who were the same age as the girls he solicited and paid to have sex with him; evidence that Defendant asked his victims to connect him with other minor girls who he could pay to have sex with him; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is an offense involving a minor victim under section 2423 (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the

extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    SIGNED September 20, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE
